#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Wyatt Westin Decoteau, | ) |
| | ) |
| Plaintiff, | ) **ORDER RE § 1915(e)(2) SCREENING** |
| | ) **AND DIRECTING PLAINTIFF TO** |
| vs. | ) **FILE AN AMENDED COMPLAINT** |
| | ) |
| United States Government, | ) Case No. 1:20-cv-141 |
| | ) |
| Defendant. | ) |

Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case. (Doc. No. 1). This matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2).

### I.  BACKGROUND

Plaintiff initiated the above captioned against the United States action on August 6, 2020, seeking compensation for deprivations of his constitutional rights. He alleges:

> Deprivation of Rights
> 1st Amendment freedom of religion
> 4th right to privacy freedom in society
> 8th cruel and unusual punishment
> 14th deprivation of life according to affection, socialism, and communication among population without freedom

> \* \* \*

> claim was raided to fbi agent for process to court proceeding agent stated I couldn't use for claim

(Doc. No. 5) (errors in original).

### II.  STANDARDS GOVERNING § 1915(e)(2) REVIEW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting

1

a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Also, the court must consider the Supreme Court's admonition that *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote. See Erickson v. Pardus, supra; Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir. 2008) (unpublished opinion) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 2008 WL 649180, *1 (8th Cir. 2008) (unpublished per curiam) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed. App'x 60, 2007 WL 3377146, *1 (8th Cir. Nov. 15, 2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 570 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a *pro se* complaint).

In construing the complaint, the court must weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory). Finally, just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

### III.   DISCUSSION

The court construes the complaint as an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, (1971), which permits a suit for deprivation of a constitutional right against a federal governmental actor. In doing so, the court concludes that, in its present form, plaintiff's complaint is deficient.

Pro se litigants must comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C.1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see Ashcroft v. Iqbal, 556 U.S. 662 (2009); Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine

whether the doctrine of res judicata applies. <u>Brown v. Califano</u>, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff asserts that his First, Fourth, Eighth, and Fourteenth Amendment rights have been violated. However, his complaint is devoid of anything from which the court can ascertain who allegedly violated his constitutional rights let alone when, where, and how these violations allegedly occurred. Absent more, his bald assertions fail to provide fair and adequate notice of the basis for his claims.

## IV.    CONCLUSION

Plaintiff's bald, conclusory assertions fail to comply with Rule 8(a). Given that plaintiff is proceeding pro se, the court shall afford him an opportunity to file an amended complaint that addresses these deficiencies. Accordingly, plaintiff shall have September 7, 2020, to file an amended complaint addressing the pleading deficiencies described above. Failure to file an amended complaint as directed may result in the summary dismissal of this action for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court