### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Wyatt Westin Decoteau, | ) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITHOUT** |
| | ) **PREJUDICE** |
| vs. | ) |
| | ) Case No. 1:20-cv-141 |
| Federal Bureau of Investigations, | ) |
| Defendant. | ) |

Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case. (Doc. No. 1). His amended complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the court dismisses plaintiff's amended complaint for failure to state a claim for which relief may be granted.

**I.    BACKGROUND**

Plaintiff initiated the above captioned action against the United States on August 6, 2020, with the submission of an application to proceed in forma pauperis, which the court granted, a complaint. (Doc. No. 1, 3, and 50). He subsequently filed notice of his consent to the Magistrate Judge's exercise of jurisdiction. (Doc. No. 4). He sought compensation for his alleged deprivations of his constitutional rights. (Doc. No. 5). The court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. No. 6). Concluding that the complaint failed to satisfy the most basic pleading requirements, the court issued an order on August 11, 2020, directing plaintiff to file an amended complaint or otherwise show cause why this matter should not be dismissed. (Id.).

On August 17, 2020, plaintiff filed an amended complaint in which he substitutes the Federal Bureau of Investigations in place of the United States as the named defendant and then goes on to

1

allege:

> Deprivation of constitutional rights including defamation of chracter
> false accusations of being a criminal in society
> no right to privacy, no right to be left alone
> open investigation stated
> This is a amendment complaint to previous form.
>
> * * *
>
> Violation of Rights
> 4th Right to Privacy
> 8th cruel and unusual punishment
> 14th shall not deprive anyone of life
> Seeking Relief for Government misconduct.
>
> * * *
>
> Stop misconduct
> compensate for mental and emotional corruption,
> compensate for constent deprivation of rights.

(Doc. No. 7) (errors in original).

## II.     STANDARDS GOVERNING § 1915(e)(2) REVIEW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Also, the court must consider the Supreme Court's admonition that *pro se* complaints are to be "liberally construed" and

"held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote. See Erickson v. Pardus, supra; Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir. 2008) (unpublished opinion) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 2008 WL 649180, *1 (8th Cir. 2008) (unpublished per curiam) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed. App'x 60, 2007 WL 3377146, *1 (8th Cir. Nov. 15, 2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 570 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a *pro se* complaint).

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory). Finally, just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards

v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

### III.   DISCUSSION

The court construes the complaint as an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388,  (1971), which permits a suit for deprivation of a constitutional right against a federal governmental actor.  In doing so, the court concludes that, in its present form, plaintiff's complaint is deficient.

Pro se litigants must comply with the Federal Rules of Civil Procedure.  Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C.1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see Ashcroft v. Iqbal, 556 U.S. 662 (2009); Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of res judicata applies. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff asserts that his First, Fourth, Eighth, and Fourteenth Amendment rights have been violated.  However, his amended complaint is devoid of anything from which the court can ascertain who allegedly violated his constitutional rights let alone when, where, and how these violations allegedly occurred.  Absent more, his bald assertions fail to provide fair and adequate notice of the basis for his claims.

### IV.   CONCLUSION

Plaintiff's amended complaint fails to adequately address the pleading deficiencies identified

in his original complaint.  Plaintiff's bald, conclusory assertions fail to comply with Rule 8(a).  Consequently, this action is action is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

Dated this 17th day of November, 2020.

                                          */s/ Clare R. Hochhalter*
                                          Clare R. Hochhalter, Magistrate Judge
                                          United States District Court